## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## AMARILLO DIVISION

| | | |
|---|---|---|
| **LINDSEY HOWELL** | § | |
| | § | |
| **Plaintiff** | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2:14-cv-236 |
| | § | |
| | § | |
| **LIN'S RESTAURANT, INC.** | § | |
| **d/b/a HAYASHI HIBACHI** | § | |
| **JAPANESE RESTAURANT** | § | |
| | § | |
| **Defendant** | § | |

## FIRST AMENDED COMPLAINT

### SUMMARY

1. Defendant relies on the "tip pooling" exception to the Fair Labor Standards Act ("FLSA"), 19 U.S.C. § 203(m) to avoid paying Lindsey Howell and other similarly situated employees the minimum wage mandated by Federal law.

2. However, because Defendant distributes pooled tips to employees who do not customarily and regularly receive them, and because Defendant required employees to pay for unpaid or "walked" tickets from their tips, the tip pooling practice is invalid, and Defendant is prohibited from crediting tips toward payment of the minimum wage.

### JURISDICTION & VENUE

3. This Court has jurisdiction over this action pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. §1331.

4. This Court is a proper venue for this action because a substantial part of the relevant conduct occurred here.

### PARTIES

5. Plaintiff Lindsey Howell is a resident of Amarillo, Texas and was employed as a server for Defendant from June 2014 through October 11, 2014. Ms. Howell's written consent to this action was previously filed with the Court.

6. Defendant Lin's Restaurant Inc. d/b/a Hayashi Hibachi Japanese Restaurant is a corporation doing business in Texas. Brad Howard, Defendant's counsel, has agreed to accept service on behalf of Defendant.

## COVERAGE

7. Defendant is an enterprise that engages in commerce or in the production of goods for commerce.

8. Defendant acted, either directly or indirectly, in the interest of an employer with respect to Plaintiff and Class Members.

9. Accordingly, Defendant is both a covered "enterprise" and an "employer" under the FLSA.

10. Defendant has had, and continues to have, an annual gross income of sales made or business done of not less than $500,000.

## FACTS

11. Defendant employed Plaintiff Howell as a server.

12. Defendant pays Plaintiff and other employees less than the federal minimum wage, taking advantage of a tip credit, which allows Defendant to include in its calculation of wages a portion of the amounts employees receive in tips.

13. Defendant required Howell and the other employees to contribute five percent (5%) of their total gross sales during each shift to a tip pool controlled by Defendant.

14. Defendant then distributes the entire tip pool among other employees, including those who are not customarily and regularly tipped.

15. Defendant also requires Plaintiff and employees to pay for unpaid or "walked" tickets out of their own tips in violation of the FLSA.

### COLLECTIVE ACTION ALLEGATIONS

16. Plaintiff Howell brings this case as an "opt-in" collective action on behalf of similarly situated employees of Defendant (the "Class") pursuant to 29 U.S.C. § 216(b).

17. Plaintiff Howell, on behalf of herself and the Class, seeks relief on a collective basis challenging Defendant's illegal tip pooling policy and practice.

18. The total number and identities of the Class members may be determined from the records of Defendant, and the Class may easily and quickly be notified of the pendency of this action.

19. Plaintiff Howell is similar to the Class because she and the Class have been required to participate in an illegal tip pooling scheme and have been unlawfully denied payment of the Federal minimum wage.

20. Plaintiff Howell's experience is typical of the experiences of the Class.

21. Defendant's failure to pay minimum wage at the rates required by the FLSA results from generally applicable policies or practices and does not depend on the personal circumstances of Plaintiff Howell or the Class.

22. Plaintiff Howell's experience is typical of that of the Class.

23. Specific job titles or job duties of the Class do not prevent collective treatment.

24. All potential members of the Class, irrespective of their particular job duties, are entitled to the difference between their hourly rate and the applicable minimum wage for all hours worked.

25. Although the issue of damages can be individual in character, there remains a common nucleus of liability facts.

### CAUSES OF ACTION

26. Plaintiff re-alleges and incorporates by reference the facts set forth above.

27. Defendant's policy and practice of requiring its tipped employees to pay a percentage of their tips to non-tipped employees, including employees who do not customarily and regularly receive tips, violates the FLSA.  29 U.S.C. § 203(m).

28. Defendant's policy and practice of requiring its tipped employees to pay for cash unpaid or "walked" tickets from their tips violates the FLSA.  29 U.S.C. § 203(m).

29. Defendant knew or should have known that its policies and practices relating to tip pooling violate the FLSA.

30. Defendant has not made a good faith effort to comply with the FLSA.

31. Rather, Defendant has knowingly, willfully, and/or with reckless disregard, carried out, and continues to carry out its illegal tip-pooling practices.

32. Plaintiff Howell and the Class are entitled to the difference between their hourly rate and the applicable minimum wage for all hours worked, in addition to the amount they were required to tip-out to Defendant's employees who are not customarily tipped.

33. In addition, Plaintiff Howell and the Class are entitled to an amount equal to their unpaid wages as liquidated damages, as well as reasonable attorney's fees and costs of this action.  29 U.S.C. § 216(b).

**PRAYER**

WHEREFORE, Plaintiff respectfully requests judgment be entered in her favor awarding Plaintiff and the Class:

A. the difference between their hourly rate and the applicable minimum wage for all hours worked;

B. the amount they were required to tip-out to Defendant's employees who are not customarily tipped;

C. an equal amount as liquidated damages as allowed under the FLSA;

D. reasonable attorney's fees, costs, and expenses of this action as provided by the

      FLSA;

E.     pre-judgment and post judgment interest at the highest rates allowed by law; and

F.     such other relief as to which Plaintiff and the Class Members may be entitled.

                    Respectfully submitted,

                    **THE YOUNG LAW FIRM, PC**
                    By: /s/ Jeremi K. Young
                    **Jeremi K. Young**
                    State Bar No. 24013793
                    Rachael Rustmann
                    State Bar No. 24073653
                    1001 S. Harrison St., Suite 200
                    Amarillo, Texas  79101
                    (806) 331-1800
                    (806) 398-9095 (fax)
                    jyoung@youngfirm.com
                    rachael@youngfirm.com

                    *ATTORNEYS FOR PLAINTIFF*

## **CERTIFICATE OF SERVICE**

     I hereby certify that on the 5th day of February, 2015, the foregoing document was electronically transmitted to the Clerk of the Court for filing via the Court's ECF System, and service of Notice of Electronic Filing was made to the ECF registrants shown below:

Brad Howard:  bhoward@bf-law.com
Allison Davis:  adavis@bf-law.com

                    By: /s/ *Jeremi K. Young*
                    Jeremi K. Young