

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| LINDSEY HOWELL, | § | |
| | § | |
| PLAINTIFF, | § | |
| vs. | § | CIVIL ACTION CAUSE NUMBER |
| | § | |
| LIN'S RESTAURANT, INC., d/b/a | § | 2:14-CV-236-J |
| HAYASHI HIBACHI JAPANESE | § | |
| RESTAURANT, | § | |
| DEFENDANT. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is the motion, filed May 28, 2015, seeking leave for Brad Howard and Allison Davis, and their law firm, to withdraw as counsel for corporation Defendant Lin's Restaurant, Inc. This motion is signed by the current counsel of record for the Defendant. The record does not reflect that Defendant is represented by another licensed attorney authorized to appear in this federal court. Grant of this motion, as movant realizes, would result in the corporate Defendant becoming *pro se*, at least until substitute counsel is obtained and appears in this case.

*Pro se* corporate defendants cannot sign and file an answer or other appearance in their representative capacity of officers or directors of defendant corporations, even if they are the sole shareholders and/or its corporate president or chief executive officer. A corporation cannot appear *pro se*. The clear rule is "that a corporation as a fictional legal person can only be represented by licensed counsel." *K.M.A., Inc. v. General Motors Acceptance Corp.*, 652 F.2d 398, 399 (5th Cir. 1982). *Accord Commercial & R.R. Bank of Vicksburg v. Slocomb*, 39 U.S. (14 Pet.) 60, 10 L.Ed. 354 (1840); *Donovan v. Road Rangers Country Junction, Inc.*, 736 F.2d 1004, 1005 (5th Cir. 1984); *Southwest Express Co., Inc. v. Interstate Commerce Comm.*, 670 F.2d 53, 56 (5th Cir. 1982). Thus, an individual defendant can appear *pro se* only on his or her own behalf and not on behalf of a corporation, even if that appearance is only to execute an agreed stipulation for dismissal, or a motion for relief.

As grounds for leave to withdraw, defense counsel state that they have experienced over several weeks an ongoing inability to communicate with their client's primary representative and, in addition, defense counsel have not been paid for over four months. They therefore request leave to withdraw as counsel of record for Defendant. This motion is unopposed by Plaintiff, who additionally requests leave to communicate directly with the Defendant's corporate representative regarding matter specifically involving this litigation.

Defense counsels' motion for leave to withdraw is granted, and Brad Howard and Allison Davis, and their law firm, are withdrawn as counsel for Defendant Lin's Restaurant, Inc.

Because the Defendant can not proceed *pro se* in this case, Defendant is given twenty (20) days from the date of this Order to employ licensed counsel, and that new counsel is required to file an entry of appearance within twenty-one (21) days of the date of entry of this Order.

Plaintiff's request for leave to communicate directly with the Defendant's corporate representative within that 21-day period regarding general matters involving this litigation, such as the scheduling of discovery-related issues, is granted. However, after new counsel appears on behalf of the Defendant, Plaintiff is to direct communications through Defendant's counsel of record.

Defendant Lin's Restaurant, Inc. is hereby cautioned that if it does not timely retain a new attorney then it may be sanctioned for failure comply with the law, and this Order, requiring it to timely obtain an attorney to represent it in this case. Such sanctions can range from monetary sanctions, the striking of pleadings, or up to and including the entry of a final adverse judgment, or all of those.

It is SO ORDERED.

Signed this the 5th day of June, 2015.

MARY LOU ROBINSON
UNITED STATES DISTRICT JUDGE